[Civ. No. 40683. Second Dist., Div. Four. Dec. 1, 1972.]

THOMAS H. TUDMAN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

[Civ. No. 40684. Second Dist., Div. Four. Dec. 1, 1972.]

LOUIS A. McLAUGHLIN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

(Consolidated Cases.)

**COUNSEL**

Mour, Klein, Aronson & Epstein, Peter Aronson, Friedman & Cone and Henry Friedman for Petitioners.

No appearance for Respondent.

Joseph P. Busch, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Real Party in Interest.

## Opinion

**FILES, P. J.**—Petitioners here are two defendants in a criminal prosecution in the superior court seeking a writ to compel that court to dismiss the action upon the ground of failure to try the case within the time allowed by Penal Code section 1382. The material facts are not in dispute.

By an indictment presented September 2, 1971, defendants were charged with grand theft (Pen. Code, § 487). With the consent of defendants the joint trial was set for February 24, 1972.

On February 24 defendant McLaughlin requested a continuance upon the ground he wished to change attorneys. Defendant Tudman answered ready, and objected to any continuance. The court overruled the objection and continued the trial to May 18.

On May 18 McLaughlin appeared with new counsel, who asked for time to prepare. Tudman objected to any continuance and moved for a severance. Tudman's motion was denied and the trial was continued to June 23.

On June 23 both defendants answered ready for trial. The People requested a continuance upon the ground that the district attorney wished to assign a different deputy to the case, so that the deputy previously assigned would be available to try another pending case. Defendants both objected to any continuance, but these objections were overruled and the trial was continued to July 7.

On July 7 all parties were ready for trial, but the judge before whom they appeared stated there were no courtrooms available, and ordered the case to be trailed. The case continued to trail—i.e., to await the availability of a trial department—from day to day until July 17, when the case was assigned to Judge Older for trial in department 104. Defendant McLaughlin then filed an affidavit of claimed prejudice, under Code of Civil Procedure section 170.6, automatically disqualifying Judge Older. The case continued to trail until July 19, when each defendant made a motion to dismiss the proceeding upon the ground the case had not been brought to trial within the time allowed by Penal Code section 1382, subdivision 2. As a part of the basis for the motions to dismiss counsel entered into a stipulation that the clerk of department 1 (the civil master calendar department) would testify that civil cases were sent out for trial on each and every day from July 7 to July 19. The motions to dismiss were denied.

On July 20 the present proceedings were filed here, and this court

granted defendants' application for a stay of the trial until the issue could be resolved.

The applicable statute, Penal Code section 1382, provides in pertinent part: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:

". . . . . . . . . . . . . . . . . . .

"2. When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment or filing of the information . . . except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant or with his consent, express or implied, or because of his neglect or failure to appear and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter."

The last date to which either of the defendants consented was June 23. ▇ Assuming without deciding that all of the continuances prior to July 7 were for "good cause," no justification appears for not commencing the trial on that date.

Penal Code section 1050 provides: "The welfare of the people of the State of California requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time, and it shall be the duty of all courts and judicial officers and of all prosecuting attorneys to expedite such proceedings to the greatest degree that is consistent with the ends of justice. In accordance with this policy, criminal cases shall be given precedence over, and set for trial and heard without regard to the pendency of, any civil matters or proceedings. . . ."

In view of this firm legislative policy, the fact that civil cases were sent out for trial on July 7 eliminates any legal ground for refusing to send out defendants' case for trial in one of the departments in the civil pool. (See *People* v. *Tahtinen* (1958) 50 Cal.2d 127, 132 [323 P.2d 442]; *People* v. *Echols* (1954) 125 Cal.App.2d 810 [271 P.2d 595], disapproved on another point in *People* v. *Wilson* (1963) 60 Cal.2d 139, 152 [32 Cal.Rptr. 44, 383 P.2d 452].)

The declaration filed in this court by the deputy district attorney indicates that he believed that the last provision of subdivision 2 of section 1382 allowed 10 additional days from July 7 (rather than from June 23) within which to try the case. No case has been cited for that interpretation and nothing in the statute itself will support such a reading.

▇ The statute provides that an action need not be dismissed if it is

set for trial beyond the 60-day period with the consent of the defendant and if defendant is brought to trial within 10 days thereafter. The word "thereafter" refers back to the date the case was set with the defendant's consent. In the case at bench that 10-day period started to run not later than June 24. Any further delay could be justified only by a finding of good cause.

Prior to the 1959 amendment (which first added the 10-day provision to section 1382) a defendant who had waived his right to trial within 60 days was entitled to go to trial on the last day of the extension to which he had consented, unless the prosecution showed good cause. (See *Malengo* v. *Municipal Court* (1961) 56 Cal.2d 813, 815 [17 Cal.Rptr. 10]; *In re Lopez* (1952) 39 Cal.2d 118, 120 [245 P.2d 1]; Witkin, Cal. Criminal Procedure (1963) § 317, p. 311.)

The effect of the 1959 amendment is to allow a 10-day grace period for bringing the case to trial after the last day to which a defendant has consented. It does not start a new grace period following a postponement made over the defendant's objection.

This court is obliged to grant a writ to enforce defendants' right to the dismissals which they requested on July 19, even though the superior court was prepared to start the trial immediately following the denial of the motions to dismiss. In *People* v. *Clark* (1965) 62 Cal.2d 870 [44 Cal.Rptr. 784, 402 P.2d 856], the opinion shows (at p. 878) that the trial commenced immediately following the denial of the motions to dismiss made by two of the defendants. The Supreme Court declared (at p. 886) that the motions should have been granted, and on remand of the case (because of reversal on other grounds) the two defendants who had made the motions were entitled to an immediate dismissal.

We are mindful of the language of the Supreme Court in *People* v. *Wilson* (1963) 60 Cal.2d 139, 145, footnote 3 [32 Cal.Rptr. 44, 383 P.2d 452], pointing out that a defendant may lose his right to a dismissal by unreasonable delay in making the motion. There the motion had been made on the 61st day after the last day on which defendant had consented to be tried. The Supreme Court said: "Such tardiness in moving to dismiss appears unreasonable and should not be encouraged. On the contrary, it does not seem unfair to require the defendant in such cases to move for dismissal (if he desires to do so) *as soon as is reasonably possible after the expiration of the allowable delay*—rather than to permit him to wait until just before trial, by which time prospective jurors may be assembled, the witnesses subpoenaed and in attendance, and the proceedings ready to begin." (Italics in original.)

In the case at bench, after the superior court had failed to commence the trial on Friday, July 7, defendants were entitled to make a motion to dismiss on Monday, July 10. We are aware that defendants have argued here that they were entitled to a dismissal much earlier than that, but the trial court and the prosecution insisted that there was good cause for postponing the trial to July 7, and thus they are in no position to claim any advantage from defendants' failure to move until after that date. The motions to dismiss were made on July 19. The People have not asserted in the trial court or here that this delay after July 10 was unreasonable, or that anyone suffered the kind of prejudice referred to in the *Wilson* footnote quoted above.

Since the case was not brought to trial within the time allowed by law, section 1382 made it the duty of the superior court to grant the defendants' motions to dismiss.

Let a writ of mandate issue requiring the superior court to dismiss the indictment as to each of the petitioners.

Jefferson, J., and Dunn, J., concurred.