[Crim. No. 13468. Fourth Dist., Div. One. Mar. 10, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
CEDRIC JEFF JACKSON, Defendant and Appellant.

954

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Victoria Sleeth, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Harley D. Mayfield and Yvonne H. Behart, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THE COURT.**\*—A jury convicted Cedric Jackson of arson (Pen. Code, § 451, subd. (b)) and he was sentenced to prison. He appeals claiming sentencing error.

The sentencing hearing was set for May 28, 1981, 27 days after the verdict was pronounced. On that date, defense counsel asked for a continuance, explaining Jackson had been examined by a psychiatrist and he was awaiting the doctor's report so he could prepare a statement in mitigation. The court noted the probation department and the People recommended Jackson receive the upper term, which was two years longer than the mid term. It granted the continuance for one week, then asked Jackson if he wanted the matter continued despite the fact he had a statutory right to be sentenced then. (See Pen. Code, § 1191.) Jackson replied he preferred to be sentenced immediately. The following dialogue then occurred:

---

\*Before Brown (Gerald), P. J., Cologne, J., and Staniforth, J.

"THE COURT: [Based on the unfavorable probation report and the People's statement in aggravation], all I could do ... is send you to prison for [the upper term].... I think your lawyer ... may have some good arguments to reduce that to [the mid term]. He has had insufficient time to file his Motion in Mitigation which might cut the thing down to a mitigated term or a midterm. You are dealing with a number of years, sir, and you have the right to have your lawyer file that. In fact, if you request it, that's what's going to be granted. If you don't request it, I'll be very glad to sentence today. I think it's inappropriate, and I advise you against it...."

". . . . . . . . . . . . . . ."

"THE COURT: ... [I]t's not very bright of you to insist on sentencing today; however, if you do, I will....

"THE DEFENDANT: I want it done today.

"THE COURT: Are you sure of that now, sir? You have the right to have a Motion in Mitigation considered.

"THE DEFENDANT: I'm sure.

"THE COURT: *You will not allow us to continue the matter*?

"THE DEFENDANT: No." (Italics added.) Defense counsel stated on the record his concurrence with the court's recommendation the sentencing hearing be continued. The court went on to sentence Jackson to the upper term, citing a number of aggravating factors in support.

■ Jackson now argues the court erroneously concluded it did not have discretion to continue sentencing beyond the statutorily mandated 28-day period over defendant's objection. The court's question to Jackson "You will not allow us to continue the matter?" shows the court felt it did not have the power to grant the continuance under the circumstances. Contrary to the People's manner of framing the issue, Jackson does not contend the court abused its discretion in denying the request for a continuance.

In *Townsend v. Superior Court* (1975) 15 Cal.3d 774, 781 [126 Cal.Rptr. 251, 543 P.2d 619], the California Supreme Court said: "In general, it is well established that the power to control judicial proceed-

ings is vested exclusively in counsel. [Citations.] It follows that '[e]xcept where representation by counsel is so ineffective that it can be described as a "farce and a sham" [citations], an attorney may ordinarily waive his client's rights ....' [Citation.] Where counsel has been appointed and is present in court 'neither the party himself [citations] nor another attorney [citations], can be recognized.' [Citation.] While the United States Supreme Court has recently held that a criminal defendant cannot be denied the right to represent himself if he knowingly and intelligently chooses to forego the assistance of counsel (*Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525]), *Faretta* has no effect on cases such as that before us where counsel has in fact been appointed. In such instances, *Faretta*, in discussing California criminal procedure, notes: 'The appointed counsel manages the lawsuit and has the final say in all but a few matters of trial strategy. [Citations.]' ...

"Counsel's control, of course, is not unlimited, and there are certain fundamental protections guaranteed an accused which counsel may not waive without his client's concurrence ... The right to a speedy trial is undeniably 'as fundamental as any of the rights secured by the Sixth Amendment' [citation], and we have previously stated in dictum that counsel may not waive this *constitutional* right over his client's objections. [Citation.] In contrast, however, the *statutory* right to be tried within 60 days (§ 1382, subd. 2) cannot properly be termed 'fundamental' in the foregoing sense and therefore beyond counsel's primary control. Being of statutory origin, a defendant's rights under section 1382 are 'merely supplementary to and a construction of the Constitution. [Citations.]' ... They do not carry the force or weight of constitutionally mandated imperatives. In this connection we think it significant that the United States Supreme Court has clearly rejected the proposition that the constitutional right to a speedy trial '... can be quantified into a specified number of days or months.'" The court went on to conclude a continuance beyond the 60-day period may be granted on motion of defense counsel even over the defendant's objections, unless counsel is not acting in his client's best interest by requesting the delay.

Penal Code section 1191's mandate a defendant be sentenced within 28 days is analogous to the 60-day provision discussed in *Townsend*. *Townsend's* holding counsel controls the case to the extent of moving for continuances beyond the statutory period, even over his client's ob-

jection, applies with equal force here. The trial court incorrectly concluded it did not have the power to grant defense counsel's motion for a continuance over Jackson's request.

The People contend Jackson was not harmed by the sentencing court's action because the psychiatrist's report *probably* would not have been favorable and because the court commented, based on what it had seen, it did not believe Jackson had any mental problems. The People's first point is based on mere conjecture. As to the second, the court also stated its belief "counsel may have some good arguments to reduce" the term, based on the report. The defendant should be given the benefit of the doubt in this situation and be afforded the opportunity to argue for a lower term based on all the available data.

The matter is remanded for resentencing in harmony with this opinion.

A petition for a rehearing was denied March 23, 1982.