7 Cal.App.4th 1214 (1992)
10 Cal. Rptr.2d 358
THE PEOPLE, Plaintiff and Respondent,
v.
VERNELL TURNER, Defendant and Appellant.
Docket No. F015272.
Court of Appeals of California, Fifth District.
June 30, 1992.
*1217 COUNSEL
Howard Tangle, under appointment by the Court of Appeal, for Defendant and Appellant.
Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General, J. Robert Jibson and Edgar A. Kerry, Deputy Attorneys General, for Plaintiff and Respondent.
[Opinion certified for partial publication.[*]]
OPINION
BEST, P.J. 

STATEMENT OF THE CASE
Defendant Vernell Turner appeals from the judgment entered on a jury verdict convicting him of burglary (Pen. Code, § 459)[1] and including an admission he served two prior prison terms within the meaning of section 667.5, subdivision (b). He contends the judgment must be reversed because: (1) CALJIC No. 2.15 shifted the burden of proof and misled the jury, (2) the *1218 court failed to make an adequate inquiry during his Marsden[2] hearing, and (3) counsel's failure to file a suppression motion as he requested deprived him of the right to make a fundamental decision regarding his defense. In the unpublished portion of the opinion we reject the first contention; in the published portion we reject the second and third and affirm the judgment.

STATEMENT OF FACTS[*]
.... .... .... .... .... .... .... .

DISCUSSION

I. CALJIC No. 2.15 neither shifts the burden of proof nor misleads the jury.[*]
.... .... .... .... .... .... .... .

II. The trial court made an adequate inquiry during defendant's Marsden hearing.

Just before trial, defendant filed a Marsden motion requesting the court appoint new counsel. At the subsequent hearing in chambers, the court asked defendant to explain his dissatisfaction with counsel. Defendant was upset with defense counsel because he would not file a suppression motion, counsel had only seen him on one occasion, and defendant believed defense counsel was "on the District Attorney's side." Defense counsel, who also represented defendant at the preliminary hearing, replied there were no grounds to file a suppression motion, therefore, he and defendant had a "conflict" regarding whether the motion should be filed. However, he could adequately represent defendant at trial. The court found defendant had not stated grounds necessitating the appointment of substitute counsel and defense counsel could provide adequate representation for defendant.
(1a) Defendant contends the court had a duty to inquire further regarding counsel's reasons for not filing the suppression motion based on defendant's strong insistence the motion be filed, counsel's mention of a "conflict," and because counsel had seen defendant only once. He also contends, as a result of the court's failure to make an adequate inquiry, he was deprived of the opportunity to have the suppression motion litigated. We disagree.
(2) When a defendant requests a substitution of appointed counsel, the trial court is required to allow the defendant an opportunity to relate specific *1219 instances of his attorney's asserted inadequacy. Depending on the nature of the grievances related by defendant, it may be necessary for the court also to question his attorney. (People v. Hill (1983) 148 Cal. App.3d 744, 753 [196 Cal. Rptr. 382].) For example, in People v. Croce (1971) 18 Cal. App.3d 292 [95 Cal. Rptr. 688], at page 297, the court held when a defendant asserts "specific important instances of alleged inadequacy of [counsel's] representation" such as failure to secure potentially exonerating evidence, the court cannot deny a Marsden motion without inquiry into counsel's reason for not introducing the evidence. But, this court held in People v. Penrod (1980) 112 Cal. App.3d 738, 747 [169 Cal. Rptr. 533], inquiry into the attorney's state of mind is required only in those situations in which a satisfactory explanation for counsel's conduct toward his client is necessary to determine whether counsel can provide adequate representation. Further, that a defendant disagrees with the trial preparation and strategy adopted by his appointed counsel does not trigger any duty of inquiry by the trial court. (Id. at p. 748.)
(1b) Penrod is squarely on point. Once the court ascertained counsel's belief there were no grounds for a suppression motion, no further inquiry on that complaint was necessary.
Moreover, a disagreement as to which motions should be filed is not sufficient reason to require substitution of counsel. (People v. Walker (1976) 18 Cal.3d 232, 238 [133 Cal. Rptr. 520, 555 P.2d 306]; People v. Hill, supra, 148 Cal. App.3d at p. 753.) Therefore, the "conflict" between defendant and his counsel as to whether a suppression motion should be filed did not amount to a breakdown in the attorney-client relationship of such magnitude as to substantially impair defendant's right to effective assistance of counsel and to warrant the appointment of new counsel.
(3a) Although not entirely clear, if defendant is arguing counsel should have been removed because he was incompetent for not bringing a suppression motion, that contention also has no merit. (4a) To establish entitlement to relief for ineffective assistance of counsel, the burden is on the defendant to show (1) trial counsel failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates and (2) it is reasonably probable a more favorable determination would have resulted in the absence of counsel's failings. (People v. Lewis (1990) 50 Cal.3d 262, 288 [266 Cal. Rptr. 834, 786 P.2d 892].) (3b) Defendant has not met either requirement.
Counsel has no duty to make his client happy by interposing useless suppression motions. (People v. Huffman (1977) 71 Cal. App.3d 63, 67 [139 Cal. Rptr. 264]; In re Lower (1979) 100 Cal. App.3d 144, 149, fn. 3 [161 *1220 Cal. Rptr. 24].) All defendant has shown in this case is that counsel for a codefendant filed a suppression motion (results unknown and defendant's counsel told the court the codefendant filed the motion on a different factual basis) and defendant wanted something filed for himself. Defendant has not shown how he might have benefited from such a motion or that he was prejudiced by counsel's failure to file a suppression motion.
Defendant's reliance on People v. Farley (1979) 90 Cal. App.3d 851 [153 Cal. Rptr. 695, 12 A.L.R.4th 301], is misplaced. (4b) Farley holds that a defendant can show ineffective assistance of counsel if the attorney's actions or failures result in the withdrawal of a crucial defense from adjudication at trial. (Id. at p. 859) However, the defendant cannot merely allege he lost the opportunity to adjudicate a crucial defense. He must affirmatively show defense counsel's omission involved a critical issue and cannot be explained on the basis of any knowledgeable choice of tactics. (People v. Lanphear (1980) 26 Cal.3d 814, 828-829 [163 Cal. Rptr. 601, 608 P.2d 689], judgment vacated and cause remanded (1980) 449 U.S. 810 [66 L.Ed.2d 13, 101 S.Ct. 57], reiterated (1980) 28 Cal.3d 463 [171 Cal. Rptr. 505, 662 P.2d 950].) (3c) Unlike Farley, defendant has not shown that a suppression motion in his case constituted a crucial issue or defense or that counsel was in error in concluding there was no basis for filing a suppression motion.
For all the above reasons, defendant has failed to demonstrate the court erred in denying his Marsden motion.

III. Counsel's failure to file a suppression motion as defendant requested did not deprive defendant of the right to make a fundamental decision regarding his defense.

(5a) Relying primarily on People v. Frierson (1985) 39 Cal.3d 803 [218 Cal. Rptr. 73, 705 P.2d 396], defendant claims he has the right to insist that a suppression motion be filed and adjudicated. We hold the decision whether to file a suppression motion is not one of the personal rights which a defendant is entitled to exercise over the contrary advice of counsel.
(6a) An attorney representing a criminal defendant generally has the right to control trial tactics and strategy, despite differences of opinion or even open objections from the defendant. But in doing so, counsel may not deprive the defendant of certain fundamental rights. (In re Horton (1991) 54 Cal.3d 82, 95 [284 Cal. Rptr. 305, 813 P.2d 1335].) Those rights include the right to trial and confrontation of witnesses (Brookhart v. Janis (1966) 384 U.S. 1, 7-8 [16 L.Ed.2d 314, 318-319, 86 S.Ct. 1245]), to testify in one's own behalf (People v. Robles (1970) 2 Cal.3d 205, 214-215 [85 Cal. Rptr. *1221 166, 466 P.2d 710]), to jury trial (People v. Monk (1961) 56 Cal.2d 288, 299 [363 P.2d 865]), to speedy trial (Townsend v. Superior Court (1975) 15 Cal.3d 774, 781 [126 Cal. Rptr. 251, 543 P.2d 619]), to not plead to a lesser offense (People v. Rogers (1961) 56 Cal.2d 301, 305 [14 Cal. Rptr. 660, 363 P.2d 892]), to not present mitigating evidence at the penalty phase of a capital trial (People v. Deere (1991) 53 Cal.3d 705, 717 [280 Cal. Rptr. 424, 808 P.2d 1181]), and to present a diminished capacity defense when that is the sole defense available in a capital case (People v. Frierson, supra, 39 Cal.3d at p. 814).
Conversely, counsel's authority to control trial strategy has been upheld as to selection of witnesses (People v. Williams (1970) 2 Cal.3d 894, 903-906 [88 Cal. Rptr. 208, 471 P.2d 1008]), requests for continuances (Townsend v. Superior Court, supra, 15 Cal.3d at p. 780), choice of defense when more than one defense is available (People v. Carlyon (1961) 191 Cal. App.2d 617, 622 [12 Cal. Rptr. 813]), whether certain evidence should be introduced (People v. Murphy (1972) 8 Cal.3d 349, 366-367 [105 Cal. Rptr. 138, 503 P.2d 594]), whether an objection should be imposed (People v. Lanphear, supra, 26 Cal.3d at p. 828), and whether a trial judge should be challenged (People v. Jackson (1960) 186 Cal. App.2d 307, 317-318 [8 Cal. Rptr. 849]).
(5b) The decision whether to file a suppression motion is analogous to the decisions in the latter category. While we agree with defendant that counsel may not waive an accused's Fourth Amendment rights, the decision not to challenge a search or seizure does not constitute a waiver of such rights. Likewise, it is not the type of decision which is so fundamental that the defendant's choice must prevail over his attorney's contrary decision. (Cf. Townsend v. Superior Court, supra, 15 Cal.3d at pp. 781-782  while counsel may not waive the accused's constitutional speedy trial rights, counsel can waive defendant's § 1382 statutory right to be tried within 60 days.) Thus, the failure to bring a suppression motion does not involve a question of waiver but of adequate representation of counsel. (Cf. People v. Murphy, supra, 8 Cal.3d at pp. 366-367.) As discussed above, defendant has not shown counsel rendered ineffective assistance by failing to file the suppression motion.
Contrary to defendant's assertion, the exception found in Business and Professions Code section 6068, subdivision (c), does not compel an attorney to accede to a criminal defendant's insistence that a suppression motion be filed:
"It is the duty of an attorney to do all of the following:
".... .... .... .... .... .... ....
*1222 "(c) To counsel or maintain such actions, proceedings, or defenses only as appear to him or her legal or just, except the defense of a person charged with a public offense." Emphasizing the qualifying phrase, defendant asserts, "Therefore, when a defendant insists on a particular course of action, as here, despite his counsel's contrary advice, counsel must comply with his wishes." We emphatically disagree.
(6b) A criminal defense attorney is obligated to investigate carefully all defenses of fact and law that may be available to the accused. (People v. McDowell (1968) 69 Cal.2d 737, 746 [73 Cal. Rptr. 1, 447 P.2d 97].) But the attorney is not required to comply with the client's wishes in matters of trial tactics which experience, sound judgment, law or ethics direct are not consistent with the client's best interests or the orderly and expeditious administration of law. (People v. Jackson, supra, 186 Cal. App.2d at pp. 315-316.)
Justice Gardner's aphoristic remarks on this subject found in In re Lower, supra, bear repeating here:
"Appellate counsel appears to argue that motions to suppress should be made in every case  `It would be a rare case indeed when competent counsel would so decide [not to make such a motion].' Balderdash! An attorney represents the best interests of his client. He is not retained to make motions which simply clutter up the record with no benefit to his individual client. While defense counsel may indeed feel that he represents the `cutting edge of the so-called criminal law revolution' (Kirsch, Public Defenders, New West, May 7, 1979), this does not mean that each and every defense counsel is authorized to embark on such a crusade in every case, particularly if he is doing so at the expense of his client. There appear to be about 40 to 50 pretrial motions available in criminal cases. An attorney must marshall and conserve his talents and time in such a way that his client will have the benefit of his best professional services. If a motion to suppress is called for, fine. If not, there is no obligation on the part of any attorney to embark on a program of fruitless, time-consuming, nonproductive motions which, as we said in Eckstrom, supra, 43 Cal. App.3d 996, may make a dandy record but be of little or no value to his client. An attorney represents his client, not society as a whole." (In re Lower, supra, 100 Cal. App.3d 144, 149, fn. 3.)
(5c) Accordingly, under the facts of this case, whether to file a suppression motion was a tactical decision for counsel, not a fundamental decision regarding defendant's defense.

*1223 DISPOSITION
The judgment is affirmed.
Stone (W.A.), J., and Ardaiz, J., concurred.
NOTES
[*] Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the Statement of Facts and part I.
[1] All statutory references are to the Penal Code unless otherwise indicated.
[2] People v. Marsden (1970) 2 Cal.3d 118 [84 Cal. Rptr. 156, 465 P.2d 44].
[*] See footnote, ante, page 1214.