Opinion
BIGELOW, J.
Defendant was charged with driving a motor vehicle upon a public highway while under the influence of intoxicating liquor, *Supp. 21 in violation of Vehicle Code section 23102, subdivision (a). Defendant’s arraignment was continued twice at his request and with proper express waivers of time. He was represented by a deputy public defender at all times. On October 17, 1977, while not in custody, defendant was properly arraigned and entered a plea of not guilty. After correct advice by the court of the provisions of Penal Code section 1382, defendant expressly waived his right to be tried within the statutory 45-day limit and consented to a trial date beyond that limit of December 20, 1977.
On December 20, 1977, both sides appeared and announced ready for trial. The court, on its own motion, then “trailed” the case to December 27, 1977.
On December 27, 1977, the court again stated “I will have to trail it.” The defendant answered “ready” and the People informed the court they were having difficulty reaching the officer that day, that originally they had been “ready,” but would have no problem getting the officer to appear, in a couple of days. The court, on its own motion “trailed” the case to December 29, 1977.
On December 29, 1977, the People informed the court that they were not ready for trial at that time because the officer had gone on vacation and would not be coming back until the next court date after New Year’s, namely on January 3, 1978. The People moved the court for a continuance to January 3, 1978. The defendant objected, stating he had been present and ready on all three occasions that the case had been set for trial or trailed. The court, on its own motion dismissed the case, stating that the requested continuance date of January 3, 1978, would be “beyond the statutory time and I cannot do it without consent of the defendant.”
The next day was Friday, December 30, 1977, a court day, and the 10th day of trailing beyond December 20, 1977. Saturday, December 31, 1977, Sunday January 1, 1978, and Monday January 2, 1978, were all court holidays.
The docket entry constituting the minute entry recites that the case was dismissed pursuant to Penal Code section 1385 on motion of the court for the reason that the People were not ready to proceed.
*Supp. 22 Right to Speedy Trial
“It is fundamental that the general right to ‘a speedy and public trial’ guaranteed by the Sixth Amendment to the United States Constitution is encompassed within the due process clause of the Fourteenth Amendment and is thus fully applicable to the states. (Klopfer v. North Carolina (1967) 386 U.S. 213, 223 [18 L.Ed.2d 1, 8; 87 S.Ct. 988].) Article I, section 13 of the California Constitution contains similar language and the Legislature has re-expressed and amplified the guarantee by various statutory enactments including Penal Code section 1382.” (Townsend v. Superior Court (1975) 15 Cal.3d 774, 779 [126 Cal.Rptr. 251, 543 P.2d 619].)
Penal Code Section 1382
The applicable wording of Penal Code section 1382 is as follows: “The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:
“(1)...................
“(2)....................
“(3) Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within . . . 45 days after his arraignment . . . ; except that an action shall not be dismissed under this subdivision (1) if it is set for trial on a date beyond the prescribed period at the request of the defendant or with his consent, express or implied, and the defendant is brought to trial on the date so set for trial or within 10 days thereafter. . . .” (Italics added.)
Invoking the 10-Day Period
On December 20, 1977, both sides answered ready for trial and this was the last date to which defendant in any way consented. “This automatically brought into operation the 10-day provision of section 1382 of the Penal Code. In other words, under that section defendant had the statutory right to be tried within 10 days after August 25 unless the prosecutor or the court showed good cause for further delay.” (People v. Wilson (1963) 60 Cal.2d 139, 145 [32 Cal.Rptr. 44, 383 P.2d 452].) (Italics added.) The People’s reliance on Townsend v. Superior Court (1975) 15 Cal.3d 774 [126 Cal.Rptr. 251, 543 P.2d 619], for the proposition *Supp. 23 that “trailing” a case for several days is the same as a continuance to which the defendant impliedly consents, is misplaced. On page 783 of that opinion it states: “While the record discloses that on November 12 defense counsel responded that he was ‘ready’ for trial, in truth and in fact he was not ‘ready’ to proceed because of legitimate commitments in another case and it was not until November 18 that he was actually and unconditionally free to commence trial proceedings in the case before us. By counsel’s failure to object, and in some instances by his affirmative requests for delay, petitioner has effectively consented to every postponement up to and including November 18. When, through counsel, he objected on that day to any further continuance, the critical 10-day period commenced. (People v. Wilson, supra, 60 Cal.2d 139, 145.) The trial was set within a 10-day period thereafter.”
Citing Wilson and Townsend, the People argue that defendant’s failure to object on December 20, 1977, is fatal to defendant’s position. The argument is not well taken since, on December 20, 1977, there was nothing done to which defendant could object. The new trial date, December 27, 1977, was within the 10-day period within which the defendant could be brought to trial within the meaning of Penal Code section 1382. The final day to bring defendant to trial within the meaning of that section was December 30, 1977. Hence, no objection was necessary under the circumstances on December 20, 1977.
Defendant did object, and thereby preserved his rights, on December 29, 1977, when the People moved to continue beyond the 10-day period.
Failure to Show Good Cause for Continuance
“We have previously observed that the provisions of section 1382 [Pen. Code] are intended to implement a broader policy clearly expressed in the following language of Penal Code section 1050: ‘The welfare of the people of the State of California requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time, and it shall be the duty of all courts and judicial officers and of all prosecuting attorneys to expedite such proceedings to the greatest degree that is consistent with the ends of justice.’ (See Sykes v. Superior Court (1973) 9 Cal.3d 83, 88 [106 Cal.Rptr. 786, 507 P.2d 90].)” (Townsend v. Superior Court (1975) 15 Cal.3d 774, 779 [126 Cal.Rptr. 251, 543 P.2d 619].) The amendments to Penal Code section 1050 by Statutes of 1977 (ch. 316, urgency eff. Aug. 11, 1977, and ch. 1152, *Supp. 24 urgency eff. Oct. 3, 1977) changed its language concerning cause for continuances of trials merely from “No continuance of a criminal trial shall be granted except upon affirmative proof in open court,. . . that the ends of justice require a continuance” to “Continuances shall be granted only upon a showing of good cause.” Likewise Penal Code section 1382 mandates the trial court to order the action to be dismissed when its time limits are exceeded “. . . unless good cause to the contrary is shown. . . .”
Guidelines for ruling on a motion for continuance are set out in People v. Wilson (1965) 235 Cal.App.2d 266, 273 [45 Cal.Rptr. 267]: “In order to invoke the discretion of the trial court to grant a continuance to obtain the presence of a witness, the moving party has the burden of showing that the following legal criteria have been satisfied: (1) That the movant has exercised due diligence in an attempt to secure the attendance of the witness at the trial by legal means; . . .” The vacation of the arresting officer, by itself, is not sufficient to justify a continuance beyond the 10-day period. (See Cunningham v. Municipal Court (1976) 62 Cal.App.3d 153 [133 Cal.Rptr. 18] and Caputo v. Municipal Court (1960) 184 Cal.App.2d 412 [7 Cal.Rptr. 435].) Thus the People failed to show good cause for a continuance of the trial beyond December 30, 1977, under the provisions of either Penal Code section 1050 or 1382.
Dismissal Under Section 1385
On December 29, 1977, the ninth day of trailing, the trial court denied the People’s motion for a continuance of the trial beyond the statutory 10-day period to January 3, 1978. The People informed the court they could not proceed to try the case until January 3, 1978, because the arresting officer had gone on vacation and would not return until that date. The trial court could have waited for the expiration of the 10-day period on the next court day December 30, 1977, and then upon defendant’s motion to dismiss under the mandate of Penal Code section 1382, dismissed the action on the first court date thereafter, to wit, on January 3, 1978. Under these circumstances the defendant would not have been required to make any further showing and in particular he would not be required to make an affirmative showing that he had been prejudiced by the delay. (See Sykes v. Superior Court (1973) 9 Cal.3d 83, 89 [106 Cal.Rptr. 786, 507 P.2d 901] and cases cited therein.) He would have had to make the motion to dismiss. (See Sykes v. Superior Court, supra, p. 94.)
*Supp. 25 Instead the trial court short circuited the proceedings, exercised the discretion granted under Penal Code section 1385 and dismissed the action in the interest of justice. The minute order entry states the reason for the dismissal as the fact that the People were not ready to proceed. Having in mind the holding of People v. Orin (1975) 13 Cal.3d 937 [120 Cal.Rptr. 65, 533 P.2d 193], to the effect that society has a legitimate interest in the prosecution of crimes and arbitrary dismissals are an abuse of discretion we, nevertheless, do not find that the trial court abused its discretion in dismissing the action under the circumstances then existing.
The judgment is affirmed.
Cole, P. J., and Ibáñez, J., concurred.
A petition for a rehearing was denied November 26, 1978.