[Civ. No. 68577. Second Dist., Div. Five. Jan. 18, 1984.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
RENE RODRIGUEZ, Real Party in Interest.

COUNSEL

Robert H. Philibosian, District Attorney, Harry B. Sondheim and Dirk L. Hudson, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Ferguson & Stettner and Pamela Panasiti Stettner for Real Party in Interest.

OPINION

**STEPHENS, Acting P. J.**—This is a proceeding in mandamus to determine whether, on November 9, 1982, real party in interest was entitled to dismissal of a pending misdemeanor charge under section 1382 of the Penal Code. We issued an alternative writ herein at the direction of the Supreme Court.

The preliminary facts are as follows: A complaint charging real party with driving while intoxicated (Veh. Code, § 23102, subd. (a)) was filed on December 17, 1981. Real party appeared with counsel on December 30,

1981, and pleaded not guilty. The matter was set for pretrial hearing on February 10, 1982. Real party waived statutory time for trial and was released on his own recognizance. After a continuance of the pretrial hearing, at real party's request, trial was set for June 1, 1982. It was continued to September 7, 1982, without objection, and then to October 28, 1982, at real party's request. It was then trailed to November 2d, to November 8th and to November 9th, on which date real party moved to dismiss. When the motion was denied the matter was continued to November 30, 1982, to enable real party to seek appellate relief.

On March 22, 1983, respondent superior court entered its judgment finding that the 10-day period provided for in Penal Code section 1382[1] commenced when the real party answered ready on October 28, 1982, that the last day for bringing the matter to trial was Monday, November 8, 1982, and that real party was therefore entitled to dismissal of the complaint on November 9, 1982. The judgment directed that a peremptory writ of mandate issue, but respondent ordered that the peremptory writ be held by the court clerk and not issued pending further appellate review. The within petition by the People followed.

The record before respondent court contained only the November 8 and 9, 1982, transcripts. The crucial transcripts in determining when the 10-day period commenced, however, were those of October 28 and November 2, 1982. They were not prepared until after respondent issued its ruling, nor did the People include them in the present petition. They were submitted, however, as part of real party's written return to the within petition. ■ Ironically, they substantiate the People's contention that the 10-day period did not commence on October 28, 1982.

Before quoting the transcripts, we review the applicable law, which is set forth in *Townsend* v. *Superior Court* (1975) 15 Cal.3d 774 [126 Cal.Rptr. 251, 543 P.2d 619]. In *Townsend,* after a number of continuances, the

---

[1]Penal Code section 1382 provides, in pertinent part, as follows: "3. Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arraigned if he is in custody at the time of arraignment, or in all other cases, within 45 days after his arraignment, . . . except that an action shall not be dismissed under this subdivision (1) if it is set for trial on a date beyond the prescribed period at the request of the defendant or with his consent, express or implied, and the defendant is brought to trial on the date so set for trial or within 10 days thereafter or (2) if it is not tried on the date set for trial because of the defendant's neglect or failure to appear, in which case he shall be deemed to have been arraigned within the meaning of this subdivision on the date of his subsequent arraignment on a bench warrant or his submission to the court.

"If the defendant is not represented by counsel, he shall not be deemed under this section to have consented to the date for his trial unless the court has explained to him his rights under this section and the effect of his consent."

parties appeared on November 12. Defense counsel announced "ready" for trial, but advised the court that he was also trailing in another case which had precedence over Townsend's. There was another appearance on November 13th at which defense counsel advised that the situation was unchanged and the court, with reference to Penal Code section 1382, stated that time was running. On November 15th, a Friday, defense counsel appeared and advised the court that his other case would go to trial that afternoon and he would be available to try the Townsend case immediately thereafter. Trial was reset for November 18th, with the court again commenting that the 10-day period would expire on the 18th. On the 18th the parties appeared before a different judge, with both sides ready to proceed. On its own motion, however, and over a defense objection, the court reset the matter for trial on November 25th, the judge calculating that the 25th was the seventh day of the 10-day period. On November 19th a motion to dismiss was denied. Reviewing this set of facts the Supreme Court held that counsel's equivocal announcement of readiness on November 12th and 15th did not start the 10 days running. Moreover, the court left no doubt that it took more than even an unequivocal announcement of readiness to start the 10 days running. In language relevant to the case now before us, the Supreme Court stated: "It was not until November 18, when the court announced trial would be held November 25, that defense counsel for the first time made any affirmative objection to further delay. In the absence of such an objection, the defense is deemed to have consented to the continuance. [Citations.]

" . . . By counsel's failure to object, and in some instances by his affirmative requests for delay, [Townsend] . . . effectively consented to every postponement up to and including November 18. When, through counsel, he objected on that day to any further continuance, the critical 10-day period commenced. [Citation.] The trial was set within a 10-day period thereafter." (*Townsend* v. *Superior Court, supra,* 15 Cal.3d at p. 783.)

The court further stated that Townsend's counsel's statements on November 12 and 15 that he believed that the 10 days were running were based on an erroneous interpretation of the statute and that they did not constitute an objection to further continuances. By implication, the first trial judge's erroneous statements that the 10 days were running were likewise ineffective to enhance the defendant's rights under section 1382.

With these facts in mind we turn to a review of the relevant transcripts herein. The entire proceedings on October 28, 1982, consisted of the following:

"Ms. STETTNER: Pam Stettner for Rene Rodriguez on the jury trial calendar. I understand these matters are trailing. We are ready.

"THE COURT: I can put it over to the early part of December, if you wish.

"Ms. STETTNER: I prefer to trail on a day to day basis, or can I make arrangements to call in?

"THE COURT: Why don't we put it over to Monday because we won't be able to do anything—

"Ms. STETTNER: Is there really any possibility of it going Monday?

"THE COURT: Well, I can't be sure. We have one other case ahead of you.

"Ms. STETTNER: Could we put it on Tuesday then?

"THE COURT: Tuesday, November 2? All right. Trailed until November 2, 10:00 a.m."

Thus it appears that far from objecting when the trial court set the matter over on October 28th, counsel for real party actually requested an additional day's delay. Under the rules enunciated in *Townsend, supra,* 15 Cal.3d 774, the continuance to November 2d was with real party's consent.

The proceedings on November 2, 1982, consisted of the following:

"THE COURT: The Rene Rodriguez matter.

"Ms. STETTNER: Yes, Your Honor.

"THE COURT: You started to trail on the 18th [*sic*] of October?

"Ms. STETTNER: That's right.

"THE COURT: This is the fifth day. How old is yours?

"MR. OROZCO: The Parrish case, we started on the 27th, Your Honor. Monday will be the 10th day. I was going to ask the Court to allow Parrish to come in Monday.

"THE COURT: Do you want yours Monday also?

"Ms. STETTNER: That will be fine, Your Honor.

"THE COURT: Trail the Parrish case and the Roach case, and the Rodriguez case to Monday, the 8th."

Again, counsel consented to the continuance. As in *Townsend, supra,* the court's and counsel's mistaken belief that the 10-day period had commenced on October 28th was irrelevant.

On November 8, 1982, the matter was called for trial in division 5 of the Rio Hondo Municipal Court, transferred to division 4, then retransferred to division 3, whereupon real party filed a peremptory challenge (Code Civ. Proc., § 170.6) to the judge sitting in division 3, and the matter was transferred back to division 4. There the following took place:

"THE COURT: On the Rodriguez matter, is there a stipulation as to the commissioner?

"Ms. STETTNER: No.

"THE COURT: I will trail this one until tomorrow then, at 8:30.

"Ms. STETTNER: Your Honor, are you aware that this matter is on its tenth day?

"THE COURT: But you papered on the tenth day, so it adds time to it.

"(Whereupon, the proceedings were herewith concluded.)"

Under the rule enunciated in *Townsend, supra,* even these statements by counsel for real party were not the equivalent of an objection and were insufficient to start the 10 days running.[2]

An unorthodox sequence of events next occurred. After counsel for real party returned to her office on November 8, 1982, she received notice from the clerk of division 4 of the Rio Hondo Judicial District that the matter was being transferred to the East Los Angeles Judicial District for trial. On November 9, 1982, counsel for real party appeared in division 4 of the Rio Hondo court, objected to transfer of the matter outside the judicial district in which the offense was committed, and moved to dismiss under Penal Code section 1382. She was told to make her objections in the East Los Angeles court. The parties proceeded to East Los Angeles. No transcript of

[2]We therefore need not consider whether the peremptory challenge and the status of the court's calendar would have constituted good cause for a continuance beyond the statutory period. (Code Civ. Proc., § 170.6; Pen. Code, § 1382.)

the proceedings held in that court on November 9, 1982, is included in the record before us; however, the docket sheet indicates that the People announced ready and the matter was put over to enable real party to file a writ petition in respondent court. The docket sheet recites "No Time Waiver" but it is clear that the continuance was for real party's benefit and it is therefore attributable to him.

The People conceded, in respondent court, that the Rio Hondo court lacked jurisdiction to transfer the matter to East Los Angeles, but argued that the time to bring the matter to trial had not elapsed and that the proceedings up to and including November 8, 1982, were insufficient to commence the running of the 10-day period. We agree. *People* v. *Morrow* (1978) 87 Cal.App.3d Supp. 18 [151 Cal.Rptr. 281], relied on by real party, is factually inapposite in that October 28, the day on which real party announced ready, was clearly not "the last date to which defendant in any way consented." (*Id.*, at p. 22.) We do not follow *People* v. *Morrow* to the extent that it is in conflict with *Townsend* v. *Superior Court, supra*, 15 Cal.3d 774, 783.

Counsel's refusal to waive time and motion to dismiss on November 9, 1982, would have triggered the running of the 10 days had it not been for the further continuance to enable real party to pursue writ relief. Real party was entitled to have the matter retransferred to Rio Hondo, but not to have it dismissed.

Let a peremptory writ of mandate issue directing respondent court to: (1) Vacate its judgment of March 22, 1983, granting a peremptory writ of mandate dismissing the complaint; (2) quash the peremptory writ of mandate being held by respondent's clerk in the matter entitled Rene Rodriguez, Petitioner v. The Municipal Courts of the Rio Hondo and East Los Angeles Judicial Districts, Respondent (People, Real Party in Interest), L.A.S.C. No. C-432866; and (3) instead issue a new and different peremptory writ directing that the matter be retransferred to the Rio Hondo Judicial District for trial.

Ashby, J., and Hastings, J., concurred.

A petition for a rehearing was denied February 17, 1984, and the petition of real party in interest for a hearing by the Supreme Court was denied March 15, 1984.