[No. B018366. Second Dist., Div. Seven. Apr. 23, 1986.]

BARNEY DAVID STEPHENS, JR., Petitioner, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Kelly O'Brien for Petitioner.

No appearance for Respondent.

James K. Hahn, City Attorney, Greg Wolff and Debbie Lew, Deputy City Attorneys, for Real Party in Interest.

**OPINION**

**THOMPSON, J.**—Petitioner, a defendant in a criminal action currently pending in respondent court, Municipal Court of Los Angeles Judicial District, seeks an extraordinary writ requiring the respondent court to set aside

its order denying his motion to dismiss a pending misdemeanor charge under Penal Code section 1382, subdivision 3,[1] and directing the grant thereof.

We issued an alternative writ herein. For the reasons set forth below, we have concluded that we improvidently issued the alternative writ and that the requested relief should be denied since the trial herein was ultimately set to commence within the 10-day period contemplated by section 1382, subdivision 3.[2]

## FACTS AND PROCEEDINGS BELOW

On November 28, 1984, a complaint was filed in respondent court, charging petitioner with a violation of Penal Code section 12025, a misdemeanor, to wit: carrying a concealed firearm. On December 4, 1984, petitioner appeared in Division 105 of respondent court, and his case was continued for plea to January 15, 1985. On that date, the record reflects that petitioner was advised of his constitutional rights and his right to counsel. After inquiry by the court and the advisement of his *Faretta*[3] rights, the petitioner knowingly, understandingly, and expressly waived his right to counsel. Thereafter, petitioner was duly arraigned, entered a not guilty plea, and trial was set for February 20, 1985, in respondent court.

The record before this court is silent as to what occurred between the arraignment date of January 15, 1985, and November 18, 1985. However, the record does reflect that on November 18, 1985, petitioner appeared with counsel in Division 103 of respondent court, the case was assigned to Division 117 for trial, and trial was set for November 22, 1985, without ob-

---

[1]Penal Code section 1382, subdivision 3, provides in pertinent part, as follows: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . . [¶] 3. Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arraigned if he is in custody at the time of arraignment, or in all other cases, within 45 days after his arraignment . . . except that an action shall not be dismissed under this subdivision (1) if it is set for trial on a date beyond the prescribed period at the request of the defendant or with his consent, express or implied, and the defendant is brought to trial on the date so set for trial or within 10 days thereafter or (2) if it is not tried on the date set for trial because of the defendant's neglect or failure to appear, in which case he shall be deemed to have been arraigned within the meaning of this subdivision on the date of his subsequent arraignment on a bench warrant or his submission to the court."
Unless otherwise indicated, all references are to the Penal Code.

[2]In view of our determination that the trial date was set before the expiration of the 10-day period, we find that it is unnecessary to determine whether the day following Thanksgiving is a holiday to invoke the provisions of Code of Civil Procedure section 12a which provides that "[i]f the last day for the performance of any act provided or required by law to be performed within a specified period of time shall be a holiday, then such period is hereby extended to and including the next day which is not a holiday."

[3]*Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525].

jection by the petitioner or his counsel. In Division 117, the case was continued from November 22 to November 26, 1985, without objection. On November 26, it was again continued without objection to November 27, 1985, and transferred to Division 103. But on Wednesday, November 27, 1985, in Division 103, the case was continued to Monday, December 2, 1985, over the express objection of petitioner's counsel.

On December 2, 1985, petitioner moved in Division 103 that his case be dismissed pursuant to section 1382. In support of his motion to dismiss, petitioner argued before the trial court, as he does here, that he was denied his right to a speedy trial as that right is implemented by section 1382, subdivision 3. He contends that the last day of the 10-day "grace period" of section 1382, subdivision 3, fell on Thanksgiving, a state holiday recognized by Government Code section 6700, thus making the following day, Friday, November 29, 1985, the 10th day. He further contends that he was ready for trial on Friday, the 10th day, but the courts were closed for a "special or limited" holiday as defined in Government Code section 6705, which provides, in pertinent part, that "all courts . . . shall be open and function in their normal and usual manner." The prosecution opposed the motion on the ground that the courts were properly closed on Friday, November 29, 1985, thereby making the 10th day fall on Monday, December 2, 1985. The trial court denied petitioner's motion to dismiss.

Thereafter, petitioner filed in the superior court a petition for mandate and/or prohibition seeking to overturn the trial court's denial of his motion to dismiss. On January 2, 1986, the superior court denied the petition, finding that the petitioner had failed to furnish the court with a record sufficient to enable it to evaluate the lower court's exercise of discretion.

DISCUSSION

I

RIGHT TO SPEEDY TRIAL

■ In *Townsend* v. *Superior Court* (1975) 15 Cal.3d 774, 779 [126 Cal.Rptr. 251, 543 P.2d 619], our Supreme Court, in addressing the right of a speedy trial, stated: "It is fundamental that the general right to 'a speedy and public trial' guaranteed by the Sixth Amendment to the United States Constitution is encompassed within the due process clause of the Fourteenth Amendment and is thus fully applicable to the states. [Citation.] Article I, section 13 of the California Constitution contains similar language and the Legislature has reexpressed and amplified the guarantee by various statutory enactments including Penal Code section 1382. [Citation.] We

have previously observed that the provisions of section 1382 are intended to implement a broader policy clearly expressed in the following language of Penal Code section 1050: 'The welfare of the people of the State of California requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time, and it shall be the duty of all courts and judicial officers and of all prosecuting attorneys to expedite such proceedings to the greatest degree that is consistent with the ends of justice.' "

█ Moreover, where a violation of section 1382 is alleged, the prerogative writ is a proper remedy. (*People* v. *Wilson* (1963) 60 Cal.2d 139, 149-150 [32 Cal.Rptr. 44, 383 P.2d 452].) █ In the event that such a violation is shown, dismissal is mandatory, regardless of whether the petitioner makes an affirmative showing of prejudice. (*Townsend* v. *Superior Court, supra,* 15 Cal.3d at 779; *Sykes* v. *Superior Court* (1973) 9 Cal.3d 83, 89 [106 Cal.Rptr. 786, 507 P.2d 90].)

## II

### THE TRIAL COURT PROPERLY DENIED PETITIONER'S MOTION TO DISMISS

█ The 10-day grace period contained in section 1382 starts to run when two conditions are present: (1) the case must be set for trial on a date beyond the prescribed period at the request of the defendant or with his consent, express or implied; (2) the defendant or his counsel must affirmatively express opposition to any continuance of the trial date once it is set. (See, e.g., *Townsend* v. *Superior Court, supra,* 15 Cal.3d 774; *People* v. *Wilson, supra,* 60 Cal.2d 139; *People* v. *Superior Court (Rodriguez)* (1984) 151 Cal.App.3d 604 [199 Cal.Rptr. 83].) Moreover, in the absence of any affirmative objection by defendant or his counsel, the defense is deemed to have consented to any continuance. (*Townsend* v. *Superior Court, supra,* 15 Cal.3d at p. 783; *People* v. *Wilson, supra,* 60 Cal.2d at p. 146.) Thus, when section 1382 provides that an action need not be dismissed if it is set for trial beyond the prescribed period with the consent of the defendant and if defendant is brought to trial within 10 days thereafter, the word "thereafter" in the statute refers back to the date the case was set with the defendant's consent. (See *Townsend* v. *Superior Court, supra,* 15 Cal.3d at p. 783.)

For example, in *People* v. *Superior Court (Rodriguez), supra,* 151 Cal.App.3d 604, defendant's misdemeanor trial was continued with his consent to October 28, 1982, which was beyond the 45-day limit of section 1382. Although defendant's counsel answered ready on October 28, the case was trailed to November 2, November 8, and November 9, at which time

the defendant made a motion to dismiss pursuant to section 1382, subdivision 3. The trial court denied the defendant's motion to dismiss and continued the trial date to enable defendant to seek appellate relief. Thereafter, the superior court granted a peremptory writ, finding that the 10-day period provided for in section 1382, subdivision 3, commenced when defendant announced "ready" on October 28, that the last day for trial was November 8, and that defendant was entitled to dismissal on November 9. On the petition of the People, the Court of Appeal issued an alternative writ. After the matter was briefed and argued, the Court of Appeal, citing *Townsend* v. *Superior Court, supra,* 15 Cal.3d 774, issued a writ of mandate directing the superior court to vacate its grant of a peremptory writ. The Appellate Court found that the 10-day grace period of section 1382, subdivision 3, did not begin to run until November 9, 1982, when the record reflected that the defendant for the first time affirmatively expressed an objection to any further delay.

 Applying the above principles to the record of the instant case, we find that on November 27, 1985, the petitioner, through counsel, for the first time affirmatively objected to any further delay, thereby triggering the running of the critical 10-day grace period. (See *Townsend* v. *Superior Court, supra,* 15 Cal.3d at p. 783.)

Nonetheless, at oral argument, petitioner's counsel urged that, under the "trailing" practice used by respondent court, the 10-day period began on November 18, 1985, when defense counsel announced "ready" for trial. She argued that it is the practice in respondent court, when a defendant and his counsel appear on the trial date set in the case and announce ready, for respondent court to "trail" the case, as here, until a courtroom is available to handle the case and to construe section 1382 to allow the 10-day grace period contained therein to run from the announcement of readiness by defense counsel. However, for the reasons set forth below, we conclude that petitioner's argument is not persuasive.

First, the *Townsend* court left no doubt that the mere announcement of readiness by defense counsel is not enough to trigger the running of the 10-day period, stating that, in the absence of an affirmative objection, "the defense is deemed to have consented to the continuance." (15 Cal.3d at p. 783.) Still, petitioner argues that there is a distinction between continuing a case and merely "trailing" it, thus making the *Townsend* principle inapplicable to the case at bench. We fail, however, to see any substantial difference between the two situations. Both situations amount to delay and would run counter to the policy goals of section 1382. Moreover, in *Townsend,* despite the "trailing" practice there engaged in by the Superior Court of Los Angeles County, our Supreme Court still determined that such delay

would not trigger the 10-day period, unless a defendant makes "affirmative objection to further delay." (*Ibid.*)

■ Thus, there is a duty incumbent on defense counsel when faced with the situation, where he or she announces "ready" for trial on a date beyond the prescribed period of section 1382 and the trial court "trails" or "continues" the defendant's case, to expressly object to such delay in order to protect the defendant's rights under section 1382 and to start the running of the 10-day period thereunder. Defense counsel has such a duty due to the nature of the rights under section 1382. As described in *Townsend,* "[b]eing of statutory origin, a defendant's rights under section 1382 are 'merely supplementary to and a construction of the Constitution . . . .' They do not carry the force or weight of constitutionally mandated imperatives." (15 Cal.3d at p. 781.) Thus, these rights are under the primary control of defense counsel, although "[c]ounsel's power in this regard is not unlimited." (*Id.,* at p. 784; also see, e.g., *People* v. *Johnson* (1980) 26 Cal.3d 557, 566-569 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].)

■ Second, where a defendant is represented by counsel, as here,[4] an erroneous interpretation of the statute by the trial court is "likewise ineffective to enhance the defendant's rights under section 1382." (*People* v. *Superior Court (Rodriguez), supra,* 151 Cal.App.3d at p. 607.) For example, in *Townsend* v. *Superior Court, supra,* 15 Cal.3d 774, during the period when defendant's case was in a "trailing" status, both defense counsel and the trial judge believed that the 10-day period was expiring, based on an erroneous interpretation of the statute. However, our Supreme Court held that such an erroneous interpretation by defense counsel did not constitute an objection to further continuances to trigger the running of the 10-day grace period. (*Id.,* at p. 783.) Moreover, as correctly noted in *People* v. *Superior Court (Rodriguez), supra,* 151 Cal.App.3d at page 607, "[b]y implication, the first trial judge's erroneous statements that the 10 days were running were likewise ineffective to enhance the defendant's rights under 1382."

We therefore conclude that the trial court properly found no violation of petitioner's right to a speedy trial as statutorily implemented by section 1382, subdivision 3, because the trial date of December 2, 1985, was well within the 10-day grace period provided by this statute.

---

[4] Because petitioner was represented by counsel, we have no occasion here to determine whether the 10-day period of section 1382 should be deemed to run where a defendant represents himself and relies upon the trial court's erroneous interpretation of section 1382 that the 10-day period is running, even though defendant has not affirmatively objected to further delay in the trial of his case.

## Disposition

The alternative writ is discharged. The petition is denied. The stay issued by this court is vacated.

Lillie, P. J., and Johnson, J., concurred.

A petition for a rehearing was denied May 13, 1986, and petitioner's application for review by the Supreme Court was denied July 16, 1986.