Filed 9/5/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ALEXANDER POGOSYAN, | No. B288362 |
| Petitioner, | (App. Div. No. BS172108) |
| v. | (Tony L. Richardson, Sanjay Kumar, Alex Ricciardulli, Judges) |
| APPELLATE DIVISION OF THE SUPERIOR COURT OF LOS ANGELES COUNTY, | (Super. Ct. No. 7GD01409) |
| Respondent; | (Beverly L. Bourne, Tim R. Saito,  Judges) |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING; petition for writ of mandate.  Petition granted; writ issued.

Law Office of the Los Angeles County Public Defender, Nicole Davis Tinkham, Albert J. Menaster, Josefina Frausto and Dylan Ford for Petitioner.

No appearance for Respondent.

Jackie Lacey, District Attorney of Los Angeles County, Phyllis C. Asayama and Felicia N. Shu, Deputy District Attorneys, for Real Party in Interest.

A defendant charged with a misdemeanor has a right under Penal Code[1] section 1382 to be brought to trial within 45 days after arraignment if the defendant is not in custody at that time.[2]  (§ 1382, subd. (a)(3).)  If, however, the defendant requests or consents to the setting of a trial date after that 45-day period, the defendant must be brought to trial "on the date set for trial or within 10 days thereafter." (§ 1382, subd. (a)(3)(B).)  If the defendant is not brought to trial within those time periods, the case against the defendant must be dismissed unless good cause for the delay is shown.  (§ 1382, subd. (a).)

In this case, petitioner Alexander Pogosyan consented to the setting of a trial date for the misdemeanor case against him on a date beyond the 45-day period.  He moved to dismiss the case after the trial court, at the prosecution's request, continued the matter to a date more than 10 days after the date set for trial.  The trial court denied his motion to dismiss, and the Appellate Division of the Superior Court denied his subsequent writ petition on the ground that the 10-day "grace period" under section 1382, subdivision (a)(3)(B) did not begin to run on the date set for trial because Pogosyan did not announce ready for trial on that date.

Pogosyan petitioned in this court for a writ of mandate directing the Appellate Division to vacate its ruling and to direct the trial court to

---

[1]     Further undesignated statutory references are to the Penal Code.

[2]     If the defendant is in custody at the time of arraignment, the statutory time limit is 30 days.  (§ 1382, subd. (a)(3).)  Because Pogosyan was not in custody at the time of the waiver in this case, we will refer to it as a 45-day period in this opinion.

dismiss the case against him. We summarily denied the petition, and Pogosyan petitioned the California Supreme Court for review. The Supreme Court granted review and transferred the matter to this court, directing us to vacate our order denying the writ petition and to order the Los Angeles Superior Court to show cause why Pogosyan's motion to dismiss should not be granted. We issued the order to show cause, and have received the return to the petition filed by Real Party in Interest, People of the State of California, and Pogosyan's reply.

One of the issues we are asked to address in this case is an issue that has arisen from language in several cases–including one by our Supreme Court–stating that the 10-day grace period does not begin to run until the defendant "announces" ready for trial. We conclude that the language in each of those cases requiring the *announcement* of ready for trial was dictum, in that the defense counsel in each of those cases had made such an announcement. Rather, based upon the reasoning of those cases we conclude that what is required is that the record reflect the defendant's *actual* readiness for immediate trial, regardless whether an explicit announcement of readiness is made.

In the present case, Pogosyan's attorney was not asked whether she was ready for immediate trial, and did not expressly declare her readiness. However, her comments as reflected in the transcript of the proceedings held on the date set for trial indicate that she was, in fact, ready for immediate trial; indeed, the record shows that both the prosecution and the trial court understood that the 10-day grace period had begun, and thus good cause was necessary to grant a continuance to a date beyond that period. Therefore, we grant Pogosyan's writ

3

petition and issue a writ of mandate directing the Appellate Division of the Superior Court to vacate its order denying Pogosyan's petition and to order the trial court to dismiss the case against him.

## BACKGROUND

On May 16, 2017,[3] the People filed a misdemeanor complaint charging Pogosyan with one count of driving under the influence of a drug (DUI) within 10 years of another DUI offense (Veh. Code, §§ 23152, subd. (f), 23540). Arraignment was scheduled for May 18, but Pogosyan failed to appear and a bench warrant was issued.

On August 28, Pogosyan appeared in custody on the warrant and was arraigned; he waived his right to counsel and pleaded not guilty. A pretrial hearing was scheduled for September 13, and Pogosyan was remanded to custody.

Pogosyan appeared, not in custody and representing himself, at the pretrial hearing held on September 13. He asked the prosecutor to dismiss the case due to an improper seal on his blood test. The prosecutor stated that he would need time to assess Pogosyan's assertion. The trial court then advised Pogosyan that he had a right to go to trial within 30 days of his arraignment, and that September 13 was day 16 of 30. The court told him that he could keep that time limit, but if he wanted to give the prosecutor time to look at the evidence and evaluate his assertion regarding the blood test, he could agree to go

---

[3]     Further references to dates are to the year 2017 unless otherwise indicated.

4

beyond the 30 days. Pogosyan replied that he did not have a problem if the prosecutor wanted to go past the 30 days, but he asked what the date of the trial would be. The court asked both sides if November 15 was a good date for the continuance. The prosecutor said that it was, but Pogosyan asked if it could be sooner; when the court offered November 8, Pogosyan decided that he preferred November 15. The court then took Pogosyan's time waiver as follows:

"THE COURT: Now, you have a right to go to trial within 30 days, as I indicated, from your arraignment and plead not guilty in this case. Today is day 16 of 30. To go over to that date [i.e., November 15], you have to waive time, speedy trial time. Do you waive that?

"[POGOSYAN]: Yes, I do. I waive that right.

"THE COURT: Okay. So this will be [November 15] for a new zero of 45 date. You are ordered back at 8:30 a.m.[,] Division 3 for a zero of 45. And the People will take a look at the results of what you indicated and we'll see where we stand on that date. Okay?

"[POGOSYAN]: Sounds good."

Forty-five days from November 15 was December 30, a Saturday, making the last day of the 45-day period January 2, 2018, the next court day after the New Year's Day holiday.

On November 15, Pogosyan appeared and requested counsel. The public defender was appointed to represent him, and the matter was continued to December 5 for a pretrial hearing.

At the December 5 pretrial hearing, defense counsel informed the trial court that her office had received discovery on the case that day, but she did not see a digital audio recording she had requested. She

5

asked that the court order the People to turn over all the requested discovery that day. The prosecutor told the court that she would be in court all day, so she could not guarantee that it could be done that day, but she assured the court that it would be "done forthwith." The court directed the prosecutor to "follow up on that immediately," and set a "discovery compliance progress" date of December 8 to ensure that defense counsel received the discovery. Defense counsel also asked the court to "trail the matter to the zero of ten." The court agreed, and set a trial date of December 20, noting that that date would be zero of 10 and that "last day is still [January 2, 2018]."[4] The prosecutor did not object to setting a trial date as zero of 10, with the last day for trial being January 2, 2018.

On December 8, the trial court called the case for discovery compliance, without appearances by either side, and took the matter off calendar.

On December 19, the day before the scheduled trial date, the People filed a motion to continue the trial under section 1050. The People argued there was good cause to continue, and supported the motion with a short declaration by the prosecutor assigned to the case. The declaration simply stated that prosecution witness Officer Joshua Luna was unavailable, and was expected to become available after January 4, 2018.

---

[4]    The court also authorized, at defense counsel's request, Pogosyan to appear by counsel under section 977, subdivision (a), on December 20.

6

The next day, December 20, the case was called for trial, with Pogosyan appearing by counsel under section 977, subdivision (a). The trial court (Judge Beverly L. Bourne, presiding) did not ask whether the parties were ready for trial. Instead, the court noted that the People had filed a motion to continue and asked if either side wanted to be heard on it. Defense counsel argued that the motion was untimely because it was filed the day before the date set for trial, and it was inadequate because the prosecutor failed to show that Officer Luna had been subpoenaed. Counsel also noted that even if the prosecution had shown due diligence in securing the attendance of Officer Luna through a subpoena, the case probably would not be sent out for trial until December 28, jury selection would not begin until December 29, and the prosecution could call other witnesses first to fill the time until Officer Luna became available on January 4, 2018.[5]

In arguing that good cause existed for the continuance beyond the 10th day, the prosecutor responded that Officer Luna was her primary witness, because he was the officer who wrote the report in the case and conducted the entire investigation, and therefore he would be her first witness; she asked for a seven of 10 date of January 8, 2018. When asked whether Officer Luna had been subpoenaed, the prosecutor responded that "he was not subpoenaed for the zero of ten. I went to subpoena him for the seven of ten date, which would have been

---

[5]     As Pogosyan observes in his reply to the writ petition, it appears from statements by both defense counsel and the prosecutor that the prosecution exercises its right to trail to day seven of 10 in every case in that department.

7

December 27th. And in doing so, that's when I learned that he's out of town next week until the 4th."[6]

Defense counsel argued that Officer Luna should have been subpoenaed for that day, the date set for trial, and there was no good cause for the continuance, but if the trial court was going to grant the motion, she asked that the court "set the trial on January 2nd as a seven of ten" to minimize the delay. Finding good cause, the court granted the People's motion over the defense's objection and continued the matter to January 9, 2018 as a zero of 10.

On January 3, 2018, Pogosyan filed a motion to dismiss for violation of section 1382 and of speedy trial rights under the United States and California Constitutions. Pogosyan argued that there was no good cause for the continuance of the trial beyond the statutory time limit because the prosecution did not exercise due diligence in attempting to secure the attendance of Officer Luna, Officer Luna's vacation did not constitute good cause, there was no indication that Officer Luna would be available to testify within a reasonable period, and the prosecution failed to address the other elements required to establish good cause.

The trial court (Judge Tim R. Saito, presiding) heard the motion on the day it was filed, and denied it. Judge Saito noted that Judge

---

[6] The prosecutor later clarified that Officer Luna's vacation did not start until "next week" (December 20 was a Wednesday), and that she had not subpoenaed him for any date.

Bourne had considered the prosecution's motion to continue and found good cause to continue the trial past the statutory time.

On January 18, 2018, Pogosyan filed a petition for writ of prohibition in the Appellate Division of the Superior Court, asking that a writ be issued compelling the trial court to vacate its ruling denying his motion to dismiss and to enter a new and different order granting the dismissal. Pogosyan argued that the trial court erred in granting the People's motion to continue because the prosecutor failed to exercise due diligence to secure Officer Luna's attendance by means of a subpoena and the People failed to address the elements required to establish good cause to continue the trial beyond the statutory period.

The Appellate Division denied the writ petition on January 25, 2018, finding that "because petitioner never announced ready for trial on December 20, 2017, the 10-day period for commencing the trial did not begin to run (*Medina v. Superior Court* (2000) 79 Cal.App.4th 1280, 1286), and petitioner's right to a speedy trial, therefore, was not violated. [¶] It appears the trial court's denial of the motion to dismiss was correct, even though it was not for the reason noted above. Although the trial court's rationale in denying the motion may have been incorrect, we need not disturb the ruling when it is correct in law on other grounds. (*People v. Smithey* (1999) 20 Cal.4th 936, 971-972.)"

Pogosyan then filed the instant writ petition in this court. As noted, we summarily denied the petition, and the Supreme Court granted Pogosyan's petition for review and transferred the matter to this court to issue an order to show cause why Pogosyan's motion to dismiss should not be granted.

9

## DISCUSSION

In the return to the petition, the People contend the trial court did not err in denying Pogosyan's motion to dismiss because (1) Pogosyan provided a general time waiver at the pretrial hearing on September 13; (2) Pogosyan did not trigger the 10-day grace period under section 1382, subdivision (a)(3)(B) because he did not announce ready for trial; and (3) even if Pogosyan had announced ready for trial, the continued date set by the trial court was within the 10-day grace period under the reasoning of *People v. Griffin* (1991) 235 Cal.App.3d 1740 (*Griffin*). We address each contention in turn.

A.    *General Time Waiver*

Section 1382 provides for two types of waivers that allow for a continuance outside the original 45-day time limit. As we have noted, the defendant may request or consent to the setting of a trial date beyond the 45-day limit, in which event the defendant must be brought to trial "on the date set for trial or within 10 days thereafter" unless good cause for a further delay is shown. (§ 1382, subd. (a)(3)(B).) If, however, the defendant enters a general waiver[7] of the 45-day time limit, the trial court may "set or continue a trial date without the sanction of dismissal should the case fail to proceed on the date set for

---

[7]    A general time waiver is one in which no future trial date is set and no time limit for bringing the defendant to trial is contemplated, such as when a defendant waives time in order to participate in diversion proceedings. (See, e.g., *People v. Murphy* (1998) 61 Cal.App.4th Supp. 5, 9.)

trial," regardless whether good cause for the delay is shown. (§ 1382, subd. (a)(3)(A).)

In the return to the petition, the People contend that Pogosyan entered a general waiver because he "did not limit his waiver of time to a specific jury trial date." In essence, the People assert that, because there are only two types of waivers, and because the trial court continued the matter to a date as zero of 45 rather than a trial date, it stands to reason that Pogosyan's waiver must have been a general waiver.

The People's reasoning is precluded by the statutory language. The statute provides that "[i]f a general time waiver is not expressly entered, subparagraph (B) [i.e., the limited waiver provisions of subdivision (a)(3)(B)] shall apply." (§ 1382, subd. (a)(3)(A).) Since no general waiver was expressly entered in this case, the matter is governed by the limited waiver provisions.

B.    *Failure to Announce Ready for Trial*

As noted, under the limited waiver provisions, when the defendant consents to continue the trial to a date outside the original 45-day time limit, the defendant must "be brought to trial on the date set for trial or within 10 days thereafter." (§ 1382, subd. (a)(3)(B).) Although this statutory language does not impose any requirements to trigger the running of the 10-day grace period other than the arrival of the "date set for trial," the People contend (and the Appellate Division found) that the grace period does not start to run until the defendant announces ready for trial, citing *Barsamyan v. Appellate Division of Superior Court*

11

(2008) 44 Cal.4th 960 (*Barsamyan*); *Medina v. Superior Court, supra,* 79 Cal.App.4th 1280 (*Medina*); and *Bryant v. Superior Court* (1986) 186 Cal.App.3d 483 (*Bryant*). Defendant contends that under the plain language of the statute, the grace period starts to run on the "date set for trial," and all that is required of a defendant is to object to a prosecutor's request to continue the trial to a date past the 10-day period.

We conclude that neither contention is entirely correct.

Although the People are correct that the courts in the cited cases stated that the defendant must "announce" readiness for trial for the 10-day grace period to begin, those statements in those cases were dicta. And while defendant is correct that section 1382 does not include any language suggesting there is any requirement to trigger the running of the grace period other than the arrival of the "date set for trial," defendant fails to take into consideration that we cannot completely ignore the dicta from those cited cases, particularly when it comes from our Supreme Court. Instead, we must examine the questions actually presented to those courts and how the courts' reasoning led to the statements at issue to determine the extent to which we must–or should–follow them. (*Smith v. County of Los Angeles* (1989) 214 Cal.App.3d 266, 297 [dictum, especially from the Supreme Court, "while not controlling authority, carries persuasive weight and should be followed where it demonstrates a thorough analysis of the issue or reflects compelling logic"].) With that in mind, we examine the cases cited by the People.

12

It appears that the first time the announcement of readiness for trial was stated as a requirement for the grace period to begin to run was in *Bryant*, a case decided by this court. In that case, we were asked to decide whether the defendant–*who had announced unconditionally ready for trial on the continued date set for trial* (*Bryant, supra,* 186 Cal.App.3d at p. 486)–was required to expressly object to the trailing of the matter to a date within the 10-day grace period or else be deemed to have consented to a further continuance with a new 10-day grace period. (*Id.* at p. 497.) To reach our conclusion that no such objection was required, we examined several cases that appeared to hold that an objection to *any* delay, including a delay to a date within 10 days after the continued trial date, was required to trigger the grace period under section 1382. In all of those cases, as well as the other cases we examined to reach our holding, the defendant had announced ready for trial. (See *Rhinehart v. Municipal Court* (1984) 35 Cal.3d 772, 775; *Owens v. Superior Court* (1980) 28 Cal.3d 238, 243; *Townsend v. Superior Court* (1975) 15 Cal.3d 774, 778 (*Townsend*); *People v. Wilson* (1963) 60 Cal.2d 139, 144; *People v. Superior Court* (*Rodriguez*) (1984) 151 Cal.App.3d 604, 606 (*Rodriguez*); *Stephens v. Municipal Court* (1986) 180 Cal.App.3d 189, 196 (*Stephens*).)

Unfortunately, because our focus in *Bryant* was on what was required of a defendant *after* the 10-day grace period has been triggered, we were imprecise in some instances when discussing what those courts said regarding triggering the grace period. While there is language in some of the cases stating that the readiness announcement

13

initiated the running of the grace period under section 1382, it does not follow that an announcement of readiness is *required* to trigger the grace period. However, our language made it appear so. For example, we stated that "[i]n *Stephens*, Division Seven of this court adopted the *Rodriguez* interpretation of *Townsend* and section 1382 requiring both an announcement of unconditional readiness for trial and an express objection to any trailing within the 10-day grace period." (*Bryant*, *supra*, 186 Cal.App.3d at p. 491.) None of the courts in those cases, however, stated (or even implied) that a readiness announcement was required; they did not have to address that issue because all of the defendants had, in fact, announced ready. In short, our statements that a readiness announcement is required to trigger the running of the 10-day grace period were dicta.

Regrettably, our imprecise language subsequently was relied upon by the court in *Medina*, *supra*, 79 Cal.App.4th 1280. In describing the operation of section 1382, the court stated: "The 10-day period does not begin to run until the defendant announces ready for trial on the date to which the trial was continued, or on a later date to which the defendant impliedly or expressly consented if the case was again continued." (*Id.* at p. 1286, citing *Bryant*, *supra*, 186 Cal.App.3d at pp. 488-499.) As in *Bryant* and the cases cited therein, the defendant in *Medina* had announced ready for trial on the continued trial date, and the necessity of a ready announcement was not at issue. (*Medina*, *supra*, 79 Cal.App.4th at p. 1283.) The only issue presented to the appellate court was whether, under *Griffin*, *supra*, 235 Cal.App.3d 1740, the trial

14

court's advisement to the defendant when taking his time waiver that he would have a right to have his trial within 10 days of the agreed-upon continued trial date meant that the 10-day grace period under section 1382 did not begin to run until 10 days after the continued trial date to which the defendant had agreed. (*Id.* at p. 1285.) Thus, the court's statement that a ready announcement is required to trigger the 10-day grace period is, as it was in *Bryant*, dictum.

More recently, the California Supreme Court in *Barsamyan, supra*, 44 Cal.4th 960 was presented with a case in which defense counsel announced ready for two trials on the same day, and the calendar court required counsel to choose which case would be sent to a trial department for trial. The issue presented to the Supreme Court was whether counsel necessarily consented to a continuance of the remaining matter, with a new 10-day grace period to run following the date to which the trial in the remaining matter was continued. (*Id.* at p. 966.)

In holding that "counsel necessarily consents to postponement [and therefore a new grace period] when he or she is not unconditionally ready for immediate trial due to conflicting commitments to other clients," the court addressed the importance of defense counsel's readiness for trial: "At the outset, we note the importance of counsel's preparedness for immediate trial in the context of section 1382(a)(3)(B). In order to *initiate* the 10-day grace period, counsel must announce readiness for trial, an announcement that comprises a claim of readiness for *immediate* trial. 'In criminal prosecutions, an

15

announcement of readiness has become, through custom and practice, a term constituting an express representation of ability and willingness to submit to *immediate* trial. . . . As of the moment a defendant announces "ready" on the last continuance date . . . he is submitting himself to being brought to trial immediately. At that moment, defendant would have a right to immediate trial but for the fact that the 10-day grace period automatically comes into operation.' [Quoting *Bryant, supra,* 186 Cal.App.3d at pp. 498-499.] In the context of section 1382(a)(3)(B)'s 10-day rule, in initiating the 10-day grace period a defendant is representing that he or she is ready to go to trial immediately, with the understanding that the prosecution has a 10-day grace period in which to actually bring the case to trial. [Citing *Bryant,* at pp. 498-499; *Medina, supra,* 79 Cal.App.4th at p. 1289.] [¶] Readiness for trial remains pertinent to the question of consent to postponement within the meaning of section 1382(a)(3)(B)." (*Barsamyan, supra,* 44 Cal.4th at pp. 970-971.)

Although the court stated that defense counsel "must announce readiness for trial" to initiate the 10-day grace period, it is clear from the context that the court's focus was on counsel's *actual* readiness for immediate trial, which it observed ordinarily is expressed by an announcement of readiness. (*Barsamyan, supra,* 44 Cal.4th at p. 970, citing *Bryant, supra,* 186 Cal.App.3d at pp. 498-499.) In light of the issue actually before the court, and the court's focus on the actual readiness of defense counsel rather than the requirement of a readiness announcement, we conclude that the court's statement that an

16

*announcement* is required to trigger the 10-day grace period under section 1382 is dictum and therefore not binding authority. (See *Achen v. Pepsi-Cola Bottling Co.* (1951) 105 Cal.App.2d 113, 125 ["It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision. The reason of this maxim is obvious. The question actually before the court is investigated with care and considered in its full extent. Other principles which may serve to illustrate it, are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated."])

Indeed, the purpose of our discussion in *Bryant, supra*, 186 Cal.App.3d at pages 498-499 that was quoted by the Supreme Court in the above passage was to emphasize that an announcement of readiness by defense counsel on the continued trial date meant that the defendant was willing and able to submit to immediate trial, which thus initiated the 10-day grace period under section 1382. That a readiness announcement triggers the grace period, however, does not mean that a formal "announcement" necessarily is required. It is the expression of *actual* readiness of the defendant to submit to immediate trial–which "through custom and practice" usually is expressed by a readiness announcement (*id*. at p. 498)–that initiates the grace period. This is the principle that we take from the Supreme Court's discussion, by which we are bound.

Although the best way to determine whether the defendant is ready for trial is for the trial court to ask the defendant to state his or her readiness, no such request was made in this case and defense counsel did not independently announce "ready." Nevertheless, defense counsel made clear in her arguments against the prosecutor's motion for a continuance heard on the date set for trial that she was, in fact, ready for immediate trial, and the prosecutor and the trial court proceeded with the understanding that the 10-day grace period under section 1382, subdivision (a)(3)(B) had been initiated. Defense counsel not only objected to the continuance, but sought to have trial begin at the earliest possible date within the court's apparent usual practice of allowing the prosecution to trail every case for trial to day seven of 10. (See fn. 5, *ante*.) Counsel stated that even if the prosecution had shown due diligence in securing the attendance of Officer Luna through a subpoena, the case probably would not be sent out for trial until December 28, (the seven of 10 date), jury selection would not begin until December 29, and the prosecution could call other witnesses until Officer Luna became available on January 4, 2018. Defense counsel also requested that if the trial court were inclined to grant the motion to continue, that the court "set the trial on January 2nd as a seven of ten" to minimize any delay in proceeding to trial. Nothing in the record suggests that the trial court did not interpret defense counsel's statements as a reflection of her readiness for trial, thus starting the 10-day trailing period. To the contrary, the basis of the court's ruling was not that defense counsel failed to announce "ready" (thus failing to start the 10-day grace period), but that good cause existed to continue

18

the trial date beyond the 10-day period.  On this record, we conclude that defense counsel sufficiently communicated her readiness for immediate trial.  Therefore, we conclude that the grace period began to run on December 20, and the trial court erred by denying Pogosyan's motion to dismiss brought on January 3, 2018, after the grace period had expired and he had not been brought to trial.

We emphasize that we do not mean by our ruling to hold that defense counsel may remain silent on the continued trial date, or simply object (without more) and expect that the 10-day grace period will be triggered.  Counsel *must* clearly and unambiguously communicate actual readiness–either through a formal "announcement" or, as in this case, by statements made that demonstrate that the defendant is willing and able to proceed to immediate trial–in order to trigger the grace period.[8]

C.  *Application of Griffin*

The People contend that the trial court did not err in denying Pogosyan's motion to dismiss because, under *Griffin, supra,* 235 Cal.App.3d 1740, the 10-day grace period did not begin to run until the 45th day after November 15.  The People reason that, since Pogosyan consented to continue his case to November 15 as a "zero of 45" date,

---

[8]     To avoid any uncertainty whether the 10-day grace period has begun, we suggest that trial courts adopt a practice in cases such as this of routinely asking defense counsel whether, in addition to objecting to the continuance, he or she is ready for immediate trial.  In that way, the court will have no doubt whether defense counsel is expressing readiness for trial, and no doubt whether the 10-day grace period has been initiated.

the last date to which he had consented for trial was 45 days after November 15. We disagree.

In *Griffin*, defense counsel told the trial court that the defendant agreed to continue the trial to a date that was beyond the statutory time under section 1382. The trial court asked, "What about some days beyond . . . ? . . . Would he be willing to waive 15 beyond that date?" The defendant said that he would do so. (*Griffin*, *supra*, 235 Cal.App.3d at p. 1743.) Sixteen days after the date set for trial the defendant moved to dismiss the case on the ground that the last date agreed to by the parties (15 days after the trial date) had passed. The trial court granted the motion, noting it was a long-standing practice in the jurisdiction that in agreeing to a 15-day period after the trial date to bring the case to trial "'it was the intention and understanding of the parties that the defendant and his counsel were not agreeing to an additional 10–day period after the 15 days but rather were agreeing to an additional five days over and above the ten days to which the People would have been entitled . . . under the statutory provision.'" (*Id.* at p. 1744.)

The appellate court reversed, finding that the 10-day grace period under section 1382 did not start until the last date for trial to which the defendant had consented. (*Griffin*, *supra*, 235 Cal.App.3d at p. 1747.) The court concluded: "The 10–day grace period is automatic, and the defendant may not rescind it. From a logical standpoint, then, we agree with the People's point, asserted at oral argument, that Griffin could not and therefore did not waive the 10–day period when he consented to trial within the November 5 to November 20 period. [¶] Finally, we

20

recognize that Griffin and his trial attorney may have reasonably believed that the People had until November 20, at the latest, to bring him to trial.  However, there is no authority supporting the derogation of the 10–day grace period in the face of contrary belief by defendant as to when he will be tried." (*Id.* at pp. 1747-1748.)

The present case is distinguishable from *Griffin*.

First, the defendant in *Griffin* was asked to, and did, expressly waive to 15 days beyond the agreed-upon trial date.  In contrast, Pogosyan was only asked to waive, and only expressly agreed to waive, until November 15.  Moreover, Pogosyan did not agree to a *trial* date of November 15; he agreed that on November 15 the parties and court would "see where we stand," with a trial date (if necessary) set sometime after that.  Subsequently, a trial date was set for December 20.

Second, unlike the defendant in *Griffin*, Pogosyan was not represented by counsel at the time he agreed to waive time to November 15.  Subdivision (c) of section 1382 provides that "[i]f the defendant is not represented by counsel, the defendant shall not be deemed under this section to have consented to the date for the defendant's trial unless the court has explained to the defendant his or her rights under this section *and the effect of his or her consent*." (Italics added.)  The record reflects that the court told Pogosyan that he "[had] a right to go to trial within 30 days . . . from your arraignment."  Pogosyan agreed to waive that right, and the court said that November 15 was "a new zero of 45 date."  The court did not tell him that "the effect of [Pogosyan's] consent" (§ 1382, subd. (c)) was that he was

21

consenting to setting the trial date as the 45th day after November 15, and that beginning on that 45th day (the supposed trial date) there would be an additional 10-day grace period  within which the prosecution could bring him to trial.  Indeed, nothing in the record suggests the court or the prosecutor had such an understanding of Pogosyan's waiver.  And even if the court or the prosecutor had that understanding, there is nothing in the record to suggest that Pogosyan shared it.

In short, Pogosyan's acquiescence to continue the matter to November 15 as a "zero of 45 date" cannot be construed as consent to trial on the 45th day after November 15, thereby entitling the prosecution to an additional 10-day grace period.

//

//

//

//

//

//

//

//

//

//

//

//

22

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent Appellate Division of the Superior Court for Los Angeles County to vacate its January 25, 2018 order and to issue a new and different order directing the trial court to grant Pogosyan's motion to dismiss.

**CERTIFIED FOR PUBLICATION**

WILLHITE, J.

We concur:

MANELLA, P. J.

MICON, J.*

---

*Judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.