Filed 10/27/21  Pfeister v. Superior Court CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JOANNA L. PFEISTER, <br>     Petitioner, <br> v. <br> THE SUPERIOR COURT OF SAN FRANCISCO COUNTY, <br>     Respondent; <br> THE PEOPLE, <br>     Real Party in Interest. | A163060 <br><br> (San Francisco County <br> Super. Ct. No. APP21008691) |

**BY THE COURT:**[*]

Joanna L. Pfeister seeks a writ of mandate and/or prohibition after respondent superior court denied her motion under Penal Code section 1382[1] to dismiss misdemeanor charges against her.  Petitioner contends that in extending the last day for her trial, respondent improperly relied on inapplicable emergency orders issued in response to the COVID-19 pandemic.  The People have filed a preliminary opposition in which they concede petitioner's entitlement to relief.  We will therefore grant the unopposed petition and issue a peremptory writ in the first instance, as we previously

---

[*] Humes, P.J., Banke, J., and Sanchez, J.

[1] All statutory references are to the Penal Code unless otherwise indicated.

1

informed the parties was possible.  (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 (*Palma*)).

## FACTUAL AND PROCEDURAL BACKGROUND

On February 1, 2019, petitioner was charged by complaint with felony counts of assault on a public official (§ 217.1, subd. (a); count 1) and making criminal threats (§ 422; count 2).  She was also charged with misdemeanor assault (§ 240; count 3) and disturbing the peace (§ 415, subd. (2); count 4).[2]

For reasons not apparent from the record, petitioner's case was delayed.  After the February 2019 complaint, the next document in the exhibits attached to the petition is a reporter's transcript of a hearing held June 10, 2021.  At that hearing, respondent announced that the case had been set for jury trial with a last day of June 14, 2021.  Respondent stated that it was extending the trial date based on the Judicial Council's March 30, 2020 emergency order.  The new last day would be August 9, 2021.

---

[2] Both the petition and the preliminary opposition represent that on January 28, 2021, respondent reduced the felony counts to misdemeanors.  Although we have no reporter's transcript or minute order from January 28, at a hearing on June 17, 2021, the court referred to a "ruling [it] made in dismissing certain charges and reducing everything from a felony to a misdemeanor."  We can therefore be certain that all charges against petitioner were misdemeanors.

The People also represent that on April 29, 2021, respondent granted petitioner's motion to dismiss counts 2 and 4 of the complaint.  Petitioner does not dispute these representations, and we accept them as true for purposes of this opinion.  (See *Artal v. Allen* (2003) 111 Cal.App.4th 273, 274, fn. 2 [" 'While briefs and argument are outside the record, they are reliable indications of a party's position on the facts as well as the law, and a reviewing court may make use of statements therein as admissions against the party. [Citations.]' [Citations.]  This principle is helpful where, as here, the briefs contain factual statements which are unsupported by the trial transcript."].)

Petitioner, who appeared in propria persona, stated that she would be filing a motion to dismiss under section 1382.[3]  On June 14, 2021, she filed a document entitled "Opposition to Denial of Penal Code § 1382 Request to Dismiss this Case."[4]

The parties again appeared in court on June 17, 2021.  Although the People had not yet had the chance to respond to her motion, petitioner proceeded to argue the merits.  At the hearing, respondent relied on the March 30, 2020 statewide emergency order, issued by the Chief Justice in her capacity as Chair of the Judicial Council, which authorized superior courts to issue implementation orders that "[e]xtend the time period provided in section 1382 of the Penal Code for the holding of a criminal trial by no more than 60 days from the last date on which the statutory deadline otherwise would have expired[.]"  Respondent explained its understanding of the March 30, 2020 order and the effect of subsequent emergency orders as follows:

> So, Ms. Pfeister, first starting – the March 30th order, 2020, is still in effect.  What the April [29, 2020] order does, the time frame that you're talking about between – it says this extension applies only to those matters for which the last date on which the trial could be conducted under . . . Section 1382 occurred or occurred between March 16, June 20 [*sic*] and March 15th, June 20 [*sic*].  This is referring to those cases that were extended back in 2020.  This April 29th order allows for an additional 30

---

[3] That section provides that the court "shall order the action to be dismissed" "when a defendant in a misdemeanor . . . case is not brought to trial within 30 days after . . . she is arraigned or enters . . . her plea, whichever occurs later, if the defendant is in custody at the time of arraignment or plea, whichever occurs later, or in all other cases, within 45 days after the defendant's arraignment or entry of the plea, whichever occurs later . . . ."
[4] Despite the title, the document is clearly a motion to dismiss for violation of petitioner's speedy trial rights.

days for those cases to be extended. That's what that applies to. It is not restricting the emergency continuance of the current jury trials at this time because the . . . March 30th order is still in effect. It does not rescind the March 30th order and the March 30th order allows to extend the time period under . . . Section 1382 of no more than 60 days from the last date on which the statutory deadline would have otherwise expired. That order is still in effect. And because that order on March 30th, 2020, is still in effect, jury trials are allowed to be extended for emergency purposes for 60 days. It's just allowing for the trials that are extended in the past to have an additional 30 days. That's what the April 29th order stands for.

The court then announced that it would deny petitioner's motion so that petitioner would "have an opportunity to appeal this matter and for the first district to weigh in before the trial is due to commence in August."

On June 29, 2021, petitioner properly sought writ relief from the appellate division of the superior court. She later filed a "Writ of Mandate Supplement" in the appellate division.

On July 2, 2021, the appellate division filed an order summarily denying Pfeister's petition for writ of mandate.

On July 16, 2021, Pfeister filed a petition for writ of mandate and/or prohibition in this court. On August 4, 2021, we dismissed that petition for lack of jurisdiction, stating in part, "The petition arises out of a ruling in a misdemeanor case, and jurisdiction over any petition for writ of mandate or prohibition properly lies in the appellate division of the superior court."

Petitioner then sought review in the Supreme Court, where she briefed the issue of jurisdiction.[5] On September 15, 2021, the Supreme Court granted her petition and transferred the matter to us with directions to vacate our August 4, 2021 order and "reconsider the cause in light of Code of

[5] Her July 16, 2021 petition in this court did not address our jurisdiction.

4

Civil Procedure section 904.3; *Pogosyan v. Appellate Division of Superior Court* (2018) 26 Cal.App.5th 1028, 1035-1036; and *Dews v. Appellate Division of Superior Court* (2014) 223 Cal.App.4th 660, 664."

In compliance with the Supreme Court's directive, on September 17, 2021, we vacated our August 4, 2021 order and instructed the People, as real party in interest, to file a preliminary opposition. On October 4, 2021, the People filed a preliminary opposition stating, "Real Party in Interest concurs that the motion to dismiss under section 1382 on June 17, 2021 was erroneously denied because of the inadequate record on June 10, 2021." The People thus conceded that petitioner's motion to dismiss had been "erroneously denied."

On October 5, 2021, petitioner filed a brief reply to the preliminary opposition asking us to promptly file an opinion directing issuance of a peremptory writ in the first instance and to make that opinion final as to this court immediately.

On October 7, 2021, we issued an order giving *Palma* notice, informing the parties that we might proceed by issuing a peremptory writ of mandate in the first instance. We also stayed proceedings in the lower court and asked the parties to state whether they would stipulate to immediate issuance of the remittitur. That same day, both parties filed letters so stipulating.

## DISCUSSION

Petitioner contends that the extensions of the section 1382 deadline authorized by the March and April 2020 statewide emergency orders apply only to cases in which the section 1382 deadline expired between March 20 and June 15, 2020. The People agree with petitioner's analysis. We begin by

summarizing the relevant emergency orders,[6] but because the People concede petitioner's entitlement to relief, we will forgo an exhaustive discussion of the issue. (See *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1241 ["*Palma*'s statement that issuance of a peremptory writ in the first instance dispenses with the need to await . . . 'an appellate opinion' means . . . that the court might choose to write a decision that is not as exhaustive as an opinion resolving the same issues on appeal might have been."].)

A.      *Statewide and Local Emergency Orders*

On March 23, 2020, the Chief Justice, as Chair of the Judicial Council, issued a statewide emergency order in response to the COVID-19 pandemic. Among other things, this order extended section 1382's time period for holding criminal trials by 60 days from the date of the order.

On March 30, 2020, the Chief Justice issued a second statewide emergency order. The order authorized superior courts to issue implementation orders that "[e]xtend the time period provided in section 1382 of the Penal Code for the holding of a criminal trial by no more than 60 days from the last date on which the statutory deadline otherwise would have expired[.]" Superior courts were also authorized to "[o]rder that the 60-day continuance of jury trials, which [the Chief Justice] authorized in [her] order of March 23, 2020, is to be calculated from the date for which the trial was set or extended as provided in A.3 or A.4 above, whichever is longer . . . ."

---

[6] We take judicial notice of the various emergency orders discussed in this opinion. (Evid. Code, §§ 452, subd. (c), 459, subd. (a); *E.P. v. Superior Court* (2020) 59 Cal.App.5th 52, 55, fn. 5; *Bullock v. Superior Court* (2020) 51 Cal.App.5th 134, 141, fn. 4.)

On April 1, 2020, the San Francisco Superior Court issued a general order implementing the March 30 statewide order. The April 1, 2020 order "extend[ed] the time period provided in Penal Code section 1382 for the holding of a criminal trial by no more than 60 days from the last date on which the statutory deadlines otherwise would have expired, and that the 60 day continuance of jury trials authorized by the March 23, 2020 Statewide Order is to be calculated from the date for which the trial was set or extended, whichever is longer."

On April 29, 2020, the Chief Justice issued yet another statewide order, and it referred to her March 23 and March 30, 2020 orders affecting criminal trials. The order extended the 60-day continuance of criminal jury trials and the 60-day extension of time in which to conduct a criminal trial under section 1382 by an additional 30 days. It provided that "[t]he total extension of 90 days shall be calculated from the last date on which the trial initially could have been conducted under Penal Code section 1382, as illustrated below." The order further stated:

> *This extension applies only to those matters for which the last date on which the trial could be conducted under Penal Code section 1382 occurred or will occur between March 16, 2020, and June 15, 2020.* This will result in a range of trial dates as follows: A criminal trial for which March 16, 2020, is the last day a trial could be conducted under Penal Code section 1382 would be extended to June 14, 2020, and a criminal trial for which June 15, 2020, is the last day a trial could be conducted under Penal Code section 1382 would be extended until September 13, 2020. (Italics added.)

The April 29, 2020 order also discussed how extensions previously granted under the Chief Justice's prior statewide orders were to be calculated, explaining, "Any previously issued extensions of time in which to

7

conduct a criminal trial under Penal Code section 1382 that I authorized in an emergency order or orders issued to an individual court pursuant to Government Code section 68115(a)(10) shall run concurrently with the extension authorized in this paragraph, such that the total authorized extension of the section 1382 deadline in a case is 90 days."

The April 29, 2020 order also provided individual superior courts with a procedure for requesting authority to order further extensions of time if needed: "To the extent a court needs a further extension of time in which to conduct criminal trials, it shall submit a request under Government Code section 68115 and describe the specific facts supporting the request, and specifically address the efforts the court is making to avoid the necessity of further extensions, including collaboration with justice partners and use of available technology."

On April 30, 2020, the San Francisco Superior Court issued a general order regarding the implementation of emergency relief. The April 30 order expressly superseded all prior emergency orders issued by the court. As relevant here, the order stated, "The Court hereby extends the time period provided in Penal Code section 1382 for the holding of a criminal trial by no more than 90 days *from the last date on which the statutory deadline would have expired between March 16, 2020 and June 15, 2020*." (Italics added.)

B. *Application to This Case*

Under the San Francisco Superior Court's general order of April 30, 2020, the extension of time for bringing a criminal case to trial was limited to a 90-day extension from the last date on which the statutory deadline would otherwise have expired during the period from March 16 and June 15, 2020. This is in accord with the Chief Justice's order of April 29, 2020, which clarified that the total extension of 90 days applied "only to those matters for

8

which the last date on which the trial could be conducted under Penal Code section 1382 occurred or will occur between March 16, 2020, and June 15, 2020."

In this case, however, respondent determined that the last day upon which petitioner's trial could commence was June 14, 2021. This falls outside the time period provided in the Chief Justice's April 29, 2020 statewide order and the San Francisco Superior Court's April 30, 2020 general order. Thus, those extensions do not apply to petitioner's case.

We note that on June 10, 2021, respondent made no individualized finding of good cause to continue petitioner's trial. (Cf. *Stanley v. Superior Court* (2020) 50 Cal.App.5th 164, 169-170 [declining to consider arguments about validity of statewide emergency orders since trial court properly found "good cause" to continue trial under § 1382, subd. (a)].) The People assert that "on June 10, 2021, good cause existed to continue the jury trial past the last day due to the COVID-19 pandemic existed (and continues to exist)." But they nevertheless concede that respondent "erred because it relied on the inapplicable statewide order instead of making its own findings for the record."

C.      *A Peremptory Writ in the First Instance Is Appropriate.*

"Generally, [the accelerated *Palma*] procedure should be adopted only when petitioner's entitlement to relief is so obvious that no purpose could reasonably be served by plenary consideration of the issue—for example, when such entitlement is conceded or when there has been clear error under well-settled principles of law and undisputed facts." (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35.) Here, entitlement to relief is conceded, the relevant facts are undisputed, and the language of the relevant emergency orders is plain. Because petitioner's last day for trial did not fall between March 16,

9

2020, and June 15, 2020, the extensions of time authorized by the Chief Justice's April 29, 2020 statewide order and the San Francisco Superior Court's April 30, 2020 general order do not apply to petitioner's case.

We informed the parties that we might proceed by issuing a peremptory writ in the first instance, and we received preliminary opposition from the People. As noted earlier, they conceded petitioner's entitlement to relief. " 'Having complied with the procedural prerequisites, we are authorized to issue a peremptory writ in the first instance.' " (*Johnny W. v. Superior Court* (2017) 9 Cal.App.5th 559, 568.)

## DISPOSITION

Let a peremptory writ of mandate issue directing the appellate division of the San Francisco Superior Court in *Joanna L. Pfeister v. Superior Court*, APP-21-008691 to: (1) vacate its order of July 2, 2021, denying Pfeister's petition for writ of mandate and (2) enter a new and different order granting that petition and directing the San Francisco Superior Court to dismiss the proceedings in *People of the State of California v. Joanna L. Pfeister*, San Francisco Super. Ct. case No. 19001681.

This opinion shall be final as to this court two court days after filing. (Cal. Rules of Court, rule 8.490(b)(2)(A).) The parties having so stipulated, the remittitur shall issue upon finality of this opinion. (Cal. Rules of Court, rule 8.272(c)(1).) The previously issued stay shall dissolve upon issuance of the remittitur.

10